J-S63044-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHIHEAM JONES, | : | |
| | : | |
| Appellant | : | No. 3681 EDA 2018 |

Appeal from the PCRA Order Entered November 26, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001930-2015

BEFORE:   GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.[*]

MEMORANDUM BY STRASSBURGER, J.:      **FILED JANUARY 17, 2020**

Chiheam Jones (Appellant) appeals from the November 26, 2018 order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant's counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[1] Upon review, we affirm the order and grant counsel's petition to withdraw.

_____

[1] "Counsel filed a brief pursuant to ***Anders*** [], apparently in the mistaken belief that an ***Anders*** brief is required where counsel seeks to withdraw on appeal from the denial of PCRA relief." ***Commonwealth v. Widgins***, 29 A.3d 816, 817 (Pa. Super. 2011). "A ***Turner/Finley*** no-merit letter, however, is the appropriate filing. ***See Commonwealth v. Turner***, [] 544 A.2d 927 ([Pa.] 1988); ***Commonwealth v. Finley***, [] 550 A.2d 213 ([Pa. Super.] 1988) (*en banc*)." ***Id***.  "Because an ***Anders*** brief provides greater
*(Footnote Continued Next Page)*

[*] Retired Senior Judge assigned to the Superior Court.

We glean the following facts from the record. On March 3, 2015, the Commonwealth filed a criminal information against Appellant charging him with possession of marijuana and possession with intent to deliver (PWID) marijuana. On August 15, 2017, a jury found Appellant guilty of both charges. On October 25, 2017, Appellant was sentenced to three to six years of incarceration to be followed by four years of probation. Appellant timely filed a post-sentence motion challenging the discretionary aspects of his sentence. The trial court denied that motion on November 7, 2017. No direct appeal was filed.

On January 9, 2018, Appellant filed *pro se* a PCRA petition. Counsel was appointed, and an amended petition was filed claiming trial counsel was ineffective due to his failure to file a direct appeal on Appellant's behalf. The PCRA court held a hearing on the petition on November 26, 2018.

At that hearing, Appellant testified that on the "same day when [he] got found guilty," he requested trial counsel file a direct appeal. N.T., 11/26/2018, at 5. Appellant claimed that trial counsel confirmed with Appellant that counsel would file a direct appeal after sentencing. *Id*. at 6. In addition, Appellant testified that he sent counsel two letters requesting he file a direct appeal. Appellant stated that he kept copies of both letters, but left them in his jail cell. *Id*. at 9. In addition, Appellant testified that his

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter." **Id**.

sister, Latraya Jones, called counsel requesting a direct appeal.[2] *Id*. at 10.

Appellant stated that he also called counsel requesting a direct appeal.

The Commonwealth called trial counsel to testify. It was trial counsel's recollection that any communication he had with Appellant was regarding another matter in which he was representing Appellant. Trial counsel testified that he did not "recall being asked to file a notice of appeal during his phone calls" with Appellant. *Id*. at 13. In addition, trial counsel did not recall receiving any correspondence from Appellant requesting an appeal. *Id*. at 15. The only letter counsel had in his file from Appellant was from February 22, 2018, which was with regard to Appellant's other case. *Id*. at 20.

At the close of the hearing, the PCRA court denied Appellant's petition on the record. *Id*. at 24. The PCRA court concluded that it found trial counsel's testimony "to be credible" and concluded that Appellant had presented no credible support for his contention that he "wanted an appeal of this matter."[3] *Id*.

---

[2] Appellant's PCRA counsel stated that he subpoenaed Latraya Jones to testify, but the subpoena was never able to be served successfully. N.T., 11/26/2018, at 10.

[3] The PCRA court did not memorialize the oral order denying Appellant's PCRA petition until December 27, 2018. *See* Order, 12/27/2018. Pursuant to Pennsylvania Rule of Appellate Procedure 301, an order is not appealable "until it has been entered upon the appropriate docket in the lower court." Pa.R.A.P. 301(a)(1). Thus, at the time Appellant filed the instant notice of appeal, it was premature. However, because the PCRA court subsequently
*(Footnote Continued Next Page)*

Appellant timely filed a notice of appeal. The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal, but filed an opinion addressing the issue raised at the hearing.

On appeal, Appellant's counsel has filed both an **Anders** brief and a petition to withdraw as counsel, which we review pursuant to the standard required for a **Turner**/**Finley** no-merit letter. **See Widgins**, 29 A.3d at 817. Accordingly, the following principles guide our review of this matter.

> Prior to addressing the merits of the appeal, we must review counsel's compliance with the procedural requirements for withdrawing as counsel. We have explained:
>
>> Counsel petitioning to withdraw from PCRA representation must proceed … under [**Turner**/**Finley**] and … must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>>
>>> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>>
>> ***
>>
>>> Where counsel submits a petition and no-merit letter that … satisfy the technical demands of **Turner**/**Finley**, the court—[PCRA] court or this Court—must then conduct its own review of the

_(Footnote Continued)_ ——————————

entered the order on the docket, in the interest of judicial economy, we will consider this appeal. **See Commonwealth v. Allen**, 420 A.2d 653 (Pa. Super. 1980).

> merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**_Commonwealth v. Muzzy_**, 141 A.3d 509, 510-11 (Pa. Super. 2016) (some internal citations omitted) (citing **_Commonwealth v. Doty_**, 48 A.3d 451, 454 (Pa. Super. 2012) (internal citations omitted) (quoting **_Commonwealth v. Wrecks_**, 931 A.2d 717, 721 (Pa. Super. 2007))).

Based upon our examination of counsel's petition to withdraw and brief, we conclude that counsel has complied substantially with the technical requirements set forth above.[4]  "Thus, having concluded that counsel's petition to withdraw is **_Turner_**/**_Finley_** compliant, we now undertake our own review of the case to consider whether the PCRA court erred in dismissing Appellant's petition." **_Doty_**, 48 A.3d at 454.

Here, Appellant alleges that trial counsel was ineffective for failing to file a direct appeal. Appellant's Brief at 11-12.  We review this issue mindful of the following.

> On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

**_Commonwealth v. Nero_**, 58 A.3d 802, 805 (Pa. Super. 2012) (internal citations and quotation marks omitted). "The scope of review is limited to

---

[4] Appellant has not filed a response to counsel's petition.

the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). Moreover, "[i]t is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014).

"Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se*, such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice." ***Commonwealth v. Ousley***, 21 A.3d 1238, 1244 (Pa. Super. 2011). "However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request." ***Id***.

Instantly, at the PCRA hearing, Appellant testified that he and his sister, both verbally and in writing, requested trial counsel file a direct appeal. N.T., 11/26/2018, at 6-10. On the other hand, trial counsel testified that while he recalled conversations with Appellant related to his other case, he did not recall any conversations with Appellant about filing a direct appeal in this matter. ***Id***. at 13-20. The PCRA court credited trial counsel's testimony. "Just as with any other credibility determination, where the record supports the PCRA court's credibility determinations, those

determinations are binding on this court." ***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 99 (Pa. 1998).

We conclude the record supports the PCRA court's credibility determination. This was not a case where trial counsel testified that he had no recollection of Appellant's case. Rather, trial counsel recalled specifically that he had been communicating with Appellant and his sister about another case, and at no point during those conversations did he recall a request for a direct appeal in the instant matter. Furthermore, trial counsel produced a letter from Appellant regarding his other case, which did not mention the instant matter. Accordingly, we decline to disturb the credibility determination of the PCRA court and conclude that Appellant did not satisfy his burden to establish that he requested trial counsel file a direct appeal.

Because our own review of the record confirms that Appellant's claim is without merit, we affirm the order denying Appellant's PCRA petition, and we grant PCRA counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/20